United States District Court
for the
Southern District of Florida

| | |
|---|---|
| Center Home LLC, Plaintiff, | ) |
| | ) |
| v. | ) Civil Action No. 22-23066-Civ-Scola |
| | ) |
| Lexington Insurance Company, | ) |
| Defendant. | ) |

## Order

This matter is before the Court on Plaintiff Center Home LLC's unopposed motion to vacate the Court's order dismissing this matter without prejudice. (ECF No. 8.) After careful consideration of the briefing, the record, and the relevant legal authorities, the Court **denies** the Plaintiff's motion. (**ECF No. 8**.)

The Court granted Defendant Lexington Insurance Company's motion to dismiss because the Plaintiff failed to comply with multiple deadlines to respond to the Defendant's motion. (Order of Dismissal, ECF No. 7, at 1.) The Plaintiff's response to the motion was originally due on October 14, 2022. (Order to Respond, ECF No. 6, at 1.) The Plaintiff failed to timely respond, and on October 19—five days after the deadline—the Court entered an order directing the Plaintiff to respond no later than October 24, 2022. (*Id.*) The Plaintiff yet again failed to respond to the motion, and the Court granted the motion due to the Plaintiff's failure to respond on October 31, 2022—another seven days after the second, modified deadline. (Order of Dismissal at 1.) In other words, the Plaintiff ignored the Court's clear order, and seventeen days after the original deadline to respond, the Court granted the motion to dismiss. (*Id.*)

Now, another eleven days after the Court's order dismissing this matter, the Plaintiff requests that the Court vacate its order due to "a miscommunication and mistake among the parties" regarding the Plaintiff's intent to move to amend the Complaint in response to the motion to dismiss. (Mot. at 1.) The Plaintiff does not provide any details of or explanation regarding the stated "miscommunication and mistake." (*Id.* at 1-3.)

"Federal Rule of Civil Procedure 60(b) allows the Court to vacate a previous order for, among other reasons, 'excusable neglect.'" *Zabala v. Integon Nat'l Ins. Co.*, No. 20-20751-CIV, 2020 WL 2129584, at *1 (S.D. Fla. May 5, 2020) (Scola, J.) (citing Fed. R. Civ. P. 60(b)(1)). "Excusable neglect," however, does not relieve a lawyer of the duty "prosecute his or her clients' cases." *Id.* Multiple failures to respond, especially in the face of court notices of deadlines, does not constitute excusable neglect. *Id.* ("This case involves 'not a one-time failure to calendar a deadline' . . . but rather a clear record of repeated willful delay in the face of at

multiple notices, one of which contained an express warning of dismissal from this Court.").

Here, the Plaintiff asks the Court to vacate the order of dismissal after the Plaintiff has delayed for <u>twenty-eight</u> days, in the face of a court order stating that the Court would grant the motion by default if the Plaintiff failed to timely respond. (Order of Dismissal at 1.) This failure to respond does not constitute "excusable neglect"—rather, it is the same sort of neglect this Court has previously found to be sufficient to dismiss cases and deny motions to vacate. *Zabala*, 2020 WL 2129584, at *1. The Plaintiff's repeated delays, failure to abide by the Court's clear order, and failure to provide anything more than a bare recital of the words "miscommunication and mistake" all support the Court's decision to deny the motion to vacate. *Id.* at *1-2.

Finally, the Court observed that in granting the motion to dismiss due to the Plaintiff's multiple failures to respond, the Court dismissed this matter <u>without prejudice</u> and <u>with leave</u> to file a new action. (Order of Dismissal at 1.) The option to file a new civil action is therefore still available to the Plaintiff.

For the reasons stated above, the Court **denies** the Plaintiff's motion to vacate (**ECF No. 8**.) This case is to remain **closed**.

**Done and ordered** in Miami, Florida, on November 14, 2022.

_____
Robert N. Scola, Jr.
United States District Judge